{¶ 59} This case illustrates the very confusing nature of the area of contempt law, where the circumstances do not fit clearly into the category of either civil or criminal contempt. However, after extensive research, I agree that the case law indicates that the underlying purpose of this type of penalty is criminal in nature. Significantly, Mr. Coffman and the Wayne County *Page 22 
Speedway have not been given any opportunity to purge their contempt, as is required within the civil context. See, e.g., SchlessnerSchlessner (May 9, 2001), 9th Dist. No. 20291 (holding that "[a] sanction for civil contempt must allow the contemnor to purge himself of the contempt. Once the contemnor chooses to comply with the court's order, the purpose of the sanction is achieved and the sanction is discontinued."). I question, however, how the trial court could ever fashion a sanction which the contemnor would have the ability to purge in a situation such as this. What affirmative act could the contemnor ever perform to purge sanctions imposed for individual, completed violations of the parties' agreed order which would achieve the purpose of the sanction, i.e., to compel on-going, future compliance with the terms of the agreement?
 {¶ 60} Notwithstanding my concerns that the trial court's ability to impose civil contempt sanctions under some circumstances may be illusory, I agree that in this instance the trial court found Mr. Coffman and the Wayne County Speedway guilty of criminal contempt. The imposition of sanctions for criminal contempt requires a finding of guilt beyond a reasonable doubt. I further agree that, as the trial court only made reference to the law regarding civil contempt in its judgment entry, it inferably only considered the issue of the speedway owner's contempt by clear and convincing evidence, i.e., the lower standard of proof applicable only to civil contempt. Although I concur that the trial court applied the wrong standard of proof, I would reverse and remand the matter to the trial court for application of the appropriate standard of proof to the evidence, rather than this Court's applying the appropriate standard itself. *Page 1